#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### ATHENS DIVISION

| | | |
|---|---|---|
| **KENNETH SOWELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | CIVIL NO: 3:23-CV-9-CDL-MSH |
| | : | |
| **DONALD J TRUMP,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

*Pro se* Plaintiff Kenneth Sowell, a prisoner who is currently incarcerated in the Estelle Unit in Huntsville, Texas, has filed a document that has been docketed as a motion seeking "Enforcement of Treaty of Peace 2020." Mot. 1, ECF No. 1. For the following reasons, Plaintiff's motion is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

### PRELIMINARY SCREENING

**I.  Standard of Review**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every civil complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a). When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part as stated in Sconiers v. Lockhart*, 946 F.3d 1256, 1259 (11th Cir.

2020); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (internal quotation marks and citations omitted).

## II.   Factual Allegations and Plaintiff's Claims

As noted above, Plaintiff has not filed a standard complaint. Instead, Plaintiff has filed a motion requesting that this Court enforce a purported award in an arbitration between Phillip Hudok, various government leaders, and the United States itself. Mot. 1, ECF No. 1.[1] As best as the Court can tell, this arbitration resulted in a "treaty of peace" to which Plaintiff allegedly "opted in through free will choice." *Id*. Plaintiff contends that this Court has the authority and obligation "to enforce all provisions of the treaty of peace as mandated for each individual who opt in using this private disput[e] resolution in private law[.]" *Id*. Included in this "treaty of peace" are provisions entitling Plaintiff to

---

[1] Mr. Hudok does not appear to be a party to this action.

"an immediate unconditional release" from prison, the voiding of "any case past or present," "immediate, absolute and unconditional immunity," "a land patent," permanent exemption "from all federal, state, and local[] taxes" for the remainder of Plaintiff's "natural lifespan," and a "penalty award at the per diem rate of 777.00" beginning on January 9, 2019 and "continuing and accruing per diem at the rate of $777.00 per party until full payment, settlement and closure."  *Id.*

It is likely that the arbitration award Plaintiff references in this case is one from the Sitcomm Arbitration Association and "represents one of what has been described as an 'influx of fake arbitration awards' over the last few years."  *Nation v. United States*, No. 21-1874, 2021 WL 6013559, at *2 (Fed. Cl. Oct. 22, 2021).  This particular "'award' is freely downloadable on the internet, discoverable by a simple Google search, and includes instructions for how to opt into the award's remedies."  *Id.*  Courts have been "uniformly skeptical about the validity of the Sitcomm Arbitration Association and its decisions," and Sitcomm has been linked to the sovereign citizen movement.  *See id.* at *2 & n.1.  Courts have thus determined that similar efforts to enforce this same arbitration agreement are wholly frivolous.  *See, e.g., Nation v. United States*, No. 2022-1256, 2022 WL 1655693, at *1 (Fed. Cir. Feb. 23, 2022) (affirming dismissal of complaint seeking enforcement of Hudok arbitration agreement which lower court characterized as "not a valid legal document" and "'gibberish'"); *Anderson v. United States*, Civil Action No. H-21-1889, 2021 WL 2417157, at *2 (S.D. Tex. June 14, 2021) (dismissing as frivolous after finding that "[t]he Private Treaty that [the plaintiff] seeks to enforce . . . bears no hallmarks of a legally binding document that has been implemented for his benefit" and plaintiff "does

3

not reference any other authority for his claim that he is entitled to rights under the Private Treaty that he presents"); *Martinez v. Trump*, No. 20-CV-9651 (CM), 2021 WL 797645, at *1-2 (S.D.N.Y. Feb. 26, 2021) (finding that arbitration contract "is plainly not a valid document," that prisoner's "claims rise to the level of the irrational, and there is no legal theory on which he can rely"); *Renaud v. Trump*, No. 20-CV-9248 (CM), 2021 WL 293570, at *1-2 (S.D.N.Y. Jan. 28, 2021) (same). This Court reaches the same conclusion. Plaintiff's filing in this case is frivolous and presents no legal claim upon which relief may be granted. It is therefore subject to dismissal in accordance with 28 U.S.C. § 1915A.

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion (ECF No. 1) is **DENIED,** and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this **23rd** day of **March, 2023**.

                                     S/Clay D. Land
                                     CLAY D. LAND
                                     U.S. DISTRICT COURT JUDGE
                                     MIDDLE DISTRICT OF GEORGIA